UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| DEISRAEL WILLIAMS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-1163 |
| OSG SHIP MANAGEMENT, INC. | SECTION M (3) |

### **ORDER & REASONS**

Before the Court is a motion for jury trial filed by plaintiff DeIsrael Williams,[1] which is opposed by defendant OSG Ship Management, Inc. ("OSG").[2] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

**I.     BACKGROUND**

This Jones Act case was filed on February 5, 2018, as a non-jury case.[3] OSG answered on February 18, 2018, without a jury demand.[4] Nor did Williams make a jury demand ten days after OSG filed its answer. A scheduling conference was held on March 8, 2018, during which Williams confirmed that no jury demand had been made, and a scheduling order issued establishing pretrial deadlines, including a discovery deadline of July 16, 2018, and setting a bench trial for October 1, 2018.[5] The Court conducted status conferences on April 18, 2018, and July 30, 2018, during which Williams' counsel maintained his intentional choice to proceed without a jury.[6] The parties filed a pretrial order on August 27, 2018, which recited that "THIS IS A NON-JURY CASE."[7] On August 30, 2018, the parties discussed the case at a final pretrial conference, during which

---

[1] R. Doc. 49.
[2] R. Doc. 53.
[3] R. Docs. 1 & 1-1.
[4] R. Doc. 5.
[5] R. Doc. 7.
[6] R. Docs. 10 & 41.
[7] R. Doc. 45 at 53.

Williams' counsel again never mentioned requesting a jury trial.[8] Due to a conflict with the scheduled trial date, the Court continued the trial to be rescheduled at a later date.[9]

On September 11, 2018, this case was transferred from Section I to Section M of this Court.[10] The next day, September 12, 2018, Williams filed the subject motion for jury trial. On October 11, 2018, a scheduling order was issued setting a new trial date of May 6, 2019.[11]

## II. PENDING MOTION

Invoking Federal Rule of Civil Procedure 39(b), Williams asks this Court to convert the case to a jury trial.[12] Williams points to the five-factor test set out in *Daniel International Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990), arguing that each of the factors supports allowing a jury trial in this case.[13] Nowhere in his supporting memorandum does Williams explain why he failed to demand a jury originally or why he has done so now. In opposition, under the same test used by Williams, OSG argues that the five factors weigh against permitting the tardy request for a jury.[14]

## III. LAW & ANALYSIS

### A. The Standard for Considering a Late Jury Demand

Rule 38 of the Federal Rules of Civil Procedure provides in pertinent part:

(b) **Demand.** On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).

\* \* \*

(d) **Waiver; Withdrawal.** A party waives a jury trial unless its demand is properly

---

[8] R. Doc. 46.
[9] *Id*.
[10] R. Doc. 48.
[11] R. Doc. 55.
[12] R. Doc. 49.
[13] R. Doc. 49-1 at 1-4.
[14] R. Doc. 53 at 5-9.

2

>served and filed ….

In the absence of a proper, timely jury demand under Rule 38, a district court has discretion to order a jury trial under Rule 39(b) if the issues are triable to a jury. Rule 39(b) provides:

> (b) **When No Demand is Made.** Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

The purpose of the rule is "to allow a trial court to use its discretion to grant jury trials in unique situations which call for them where, nevertheless, the requisites of Rule 38 have not been met." *Pinemont Bank v. Belk*, 722 F.2d 232, 237 (5th Cir. 1984).

A court should exercise its discretion in favor of a jury trial unless there are "strong and compelling reasons to the contrary." *Daniel*, 916 F.2d at 1064. The Fifth Circuit has delineated a five-factor test for when a district court should consider exercising its discretion under Rule 39(b) to grant an untimely jury request. The five factors are:

> (1) whether the case involves issues which are best tried to a jury;
>
> (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
>
> (3) the degree of prejudice to the adverse party;
>
> (4) the length of the delay in having requested a jury trial; and
>
> (5) the reason for the movant's tardiness in requesting a jury trial.

*McCardell v. Verizon Wireless Texas, LLC*, 2010 WL 1417894, at *1 (S.D. Tex. Apr. 7, 2010) (citing *Daniel*, 916 F.2d at 1064).

### B. Analysis

Williams argues that the first factor favors granting his request for a jury because his "case presents issues that are just as easily tried to a jury as they would be to a judge."[15] OSG responds

---

[15] R. Doc. 49-1 at 3.

that, because this case involves a heavy dose of maritime "language, terms, facts, operations, and issues that are unusual, unique and esoteric," a judge is better suited to try the case than is "a 'landlubber' jury."[16] The case is a Jones Act suit and such suits are regularly tried to a jury. Hence, the first factor weighs in favor of allowing a jury trial.

As to the second factor, Williams argues that granting a jury at this juncture would not disrupt the Court's schedule because "[t]his case was recently continued and reassigned to a newly appointed judge."[17] OSG argues that even if the Court's schedule would not be disrupted by converting the case to a jury trial,[18] the change would result in a major disruption for OSG and its counsel, because OSG prepared the case for a bench trial in which most of the testimony would be introduced through deposition transcripts, and it would need to redepose all of these witnesses to videotape the depositions, or bring all of these witnesses to trial, if the case were now changed to a jury trial.[19] For these same reasons, OSG argues that the third factor – prejudice to OSG – weighs against allowing the late jury request.[20] OSG asserts that its "case analysis, research, evidence gathering, surveillance, written discovery, expert selection, deposition taking, and just about every decision was influenced and guided by this being a judge-tried case," including, for example, tailoring deposition questions and eliciting answers for a judge, not a jury.[21] In this regard, Williams blithely urges that OSG's "argument is without merit now" because the "case has been continued and reassigned and there is plenty of time for [OSG] to arrange for any video depositions needed for trial purposes."[22]

---

[16] R. Doc. 53 at 2-3, 6.
[17] R. Doc. 49.1 at 4.
[18] The Court's schedule will be affected "to the extent that a bench trial can be more easily scheduled and can be completed more quickly than a jury trial." *McCardell,* 2010 WL 1417894 at *2. To be sure, if this case were converted to a jury trial, a new trial date would need to be selected to accommodate additional discovery and the additional time required for a jury trial.
[19] R. Doc. 53 at 6.
[20] *Id.* at 6-7.
[21] *Id.* at 2.
[22] R. Doc. 49-1 at 4.

4

Williams waited until after the close of discovery before filing the subject motion to request a jury. But for the transfer of the case to this Section of Court and the entry of a scheduling order that inadvertently reopened the discovery period, there would not even be the opportunity for the kind of discovery "re-do" Williams suggests would remove the prejudice OSG says is posed by the tardy jury request. However, Williams does not volunteer to absorb the costs of re-doing the discovery, nor does he explain how the disruption to the schedules of OSG's counsel and its witnesses would or could be ameliorated. This Court finds that, were the jury demand allowed now, OSG would suffer prejudice and substantial disruption to its schedule. *See McCardell*, 2010 WL 1417894, at *2 (defendant prejudiced by tardy jury demand when its counsel would have asked different deposition questions and videotaped the depositions had he known there would be a jury trial). The second and third factors weigh in favor of denying the late jury request.

Williams says he "has only delayed approximately six months in requesting a jury,"[23] while OSG emphasizes that "[t]he request for a jury was made after the close of discovery and less than three weeks before the original trial setting."[24] Williams confirmed his intentional waiver of a jury at several points during pretrial preparation, including in the original filing of his complaint, during the scheduling conference, in the pretrial order, and at the final pretrial conference. Courts have declined to exercise their Rule 39 discretion to allow a jury when delay in requesting a jury is excessive (including delays of six months or so), *see Farias v. Bexar Cty. Bd. of Trs.*, 925 F.2d 866, 873 (5th Cir. 1991) (Rule 39(b) motion denied where plaintiff waited six months before making the request); *McCardell*, 2010 WL 1417894, at *2 (Rule 39(b) motion denied where *pro se* plaintiff waited ten months before making jury demand); *Varela v. Nat'l Reinsurance Corp.*, 1998 WL 440038 (N.D. Tex. July 22, 1998) (denying Rule 39(b) request for a jury trial where plaintiff

---

[23] *Id.*
[24] R. Doc. 53 at 8.

waited just under nine months to make the request), and when the waiver has been explicit and intentional. 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2334, at 342-45 ("Trial judges tend to look disfavorably on motions under subdivision (b) brought by parties who intentionally or explicitly have waived their right to a jury trial."). Courts should look with even less favor on Rule 39(b) motions in cases like this one where the waiver has not only been explicit and intentional, but repeated. The fourth *Daniel* factor thus militates against allowing a jury at this late date.

Finally, the fifth factor – the reason for the movant's tardiness in requesting a jury trial – also weighs against a jury. Williams simply says he "now wishes to invoke his right to a jury, which is statutorily confirmed to him by the Jones Act."[25] OSG responds that "a 'wish' is an insufficient reason."[26] The Court agrees. Williams' proffered reason consists only of the essential prerequisite for making a Rule 39(b) request – namely, that the request for a jury be made with respect to an "issue for which a jury might have been demanded." It does not set forth a reason for Williams' tardiness in requesting a jury trial. Instead, Williams has failed to articulate any reason for his untimely request. In the Fifth Circuit, when a party "offer[s] no viable reasons for … delay … we assume the delay resulted from mere inadvertence," *Farias*, 925 F.2d at 873, and "[i]nadvertence alone does not relieve a party from waiver of the right to jury trial." *Certain Underwriters at Lloyds London v. Corporate Pines Realty Corp.*, 355 F. App'x 778, 781 (5th Cir. 2009); *see also Lewis v. Thigpen*, 767 F.2d 252, 257 (5th Cir. 1985) ("a [Rule 39(b)] motion is considered strongly against the moving party 'when no justification is offered in explanation of a lengthy delay'") (quoting *United States v. Lochamy*, 724 F.2d 494, 499 (5th Cir. 1984)).

---

[25] R. Doc. 49-1 at 4.
[26] R. Doc. 53 at 9.

## IV. CONCLUSION

The Court has considered the full record and has evaluated Williams' motion in light of the five factors relevant to Rule 39(b) motions. The Court concludes that Williams' delay was lengthy and unexplained. The Court also finds that OSG would be prejudiced if the motion were granted. The Court finds that a jury trial would increase OSG's expense in this case, and would require more of the Court's time. Additionally, the Court notes that the Jones Act issues in this case can be tried equally well by the Court as by a jury. As a result, the Court exercises its discretion to deny Williams' motion.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Williams' motion for jury trial pursuant to Rule 39(b) (R. Doc. 49) is DENIED.

New Orleans, Louisiana, this 14th day of December, 2018.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE